IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY SAM LADD,
    Plaintiff,

vs.                                    Case No.: 3:19cv4821/LAC/EMT

CLERK OF COURT RECORDS FOR CLARENCE
MITCHELL COURTHOUSE,
and BALTIMORE CITY DETENTION CENTER,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Anthony Sam Ladd ("Ladd"), an inmate of the Escambia County Jail proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and a motion to proceed in forma pauperis (ECF No. 2). Upon review of the initial pleading, the court preliminarily determined that venue appeared to be improper and that the case should be transferred to the United States District Court for the District of Maryland (*see* ECF No. 4). The court issued an order directing Ladd to show cause why this case should not be transferred to the District of Maryland (*id.*). Ladd filed a Response stating, "Clarence Mitchell Courthouse and the Baltimore City Detention Center has violated my Sixth Amendment, Seventh Amendment, and Fourteenth Amendment [sic]" (ECF No. 5). Ladd has not shown that venue of this action is proper in the Northern District of

Florida; therefore, the undersigned recommends transfer of this case to the United States District Court for the District of Maryland, pursuant to 28 U.S.C. §§ 1391(b), 1404.

Ladd names two Defendants in this case: (1) the Clerk of Court Records for the Clarence Mitchell Courthouse, and (2) the Baltimore City Detention Center (*see* Complaint, ECF No. 1). Ladd alleges that from 1987 to 2006, Defendants attributed several criminal arrests and charges to him without verifying his identity, which caused him to be wrongfully classified as a violent felony offender. Ladd brings the following claims against Defendants:

(1)  Falsifying of information on my record;
(2)  Fraudulent labeling charges on me;
(3)  Heightening my criminal history classification;
(4)  Mental distress, welfare, and being [for] me and my family; employment, housing, credit programs;
(5)  Social public access & media; deformation [sic] of character;
(6)  Not doing a fingerprint match, facial match, or SSN challenge;
(7)  Falsely charging me as a VFO!

(ECF No. 1 at 7). Ladd seeks injunctive relief (specifically, an order requiring Defendants to correct his criminal record) and monetary damages.

Venue for civil actions is governed by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;

  (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . ; or

  (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Such transfers may be made *sua sponte* by the district court. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also* 28 U.S.C. § 1406(a) (directing a district court to dismiss or transfer an action to an appropriate venue if it determines that the action was filed in the wrong district).

  Here, both Defendants reside, for purposes of venue, in the District of Maryland. Additionally, the acts or occurrences forming the basis of the Complaint occurred in Baltimore, Maryland, which is located in the District of Maryland. Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in the Northern District of Florida. Therefore, this civil action should be transferred to the District of Maryland.

Case No.: 3:19cv4821/LAC/EMT

Accordingly, it is respectfully **RECOMMENDED**:

That the clerk of court transfer this case to the United States District Court for the District of Maryland and close the file.

At Pensacola, Florida, this 21st day of January 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**